Filed
D.C. Superior Court
06/18/2015 18:59PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY as subrogee of PRINCIPAL REAL ESTATE INVESTORS, LLC<br>99 High Street, Floor 23<br>Boston, MA 02110<br><br>and<br><br>PRINCIPAL REAL ESTATE INVESTORS, LLC<br>711 High Street<br>Des Moines, IA 50392<br><br>Plaintiffs,<br><br>v.<br><br>THE WASHINGTON CAPITAL GROUP, INC.<br>400 Batts Neck Plantation<br>Stevensville, MD 21666<br><br>Defendant. | CIVIL ACTION NO.: 2015 CA 004476 B<br><br>JURY DEMANDED |

**COMPLAINT**

Plaintiffs Lexington Insurance Company as subrogee of Principal Real Estate Investors, LLC and Principal Real Estate Investors, LLC, by and through their attorneys, White and Williams LLP, hereby demand judgment against defendant The Washington Capital Group, Inc., and in support thereof allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is founded on D.C. Code Section 11-921.

2. Venue is proper in this Court because the relevant events took place in the District of Columbia.







## PARTIES

3. Plaintiff, Lexington Insurance Company (hereinafter "Lexington"), is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 99 High Street, Floor 23, Boston, Massachusetts 02110 and is authorized to transact business in the District of Columbia.

4. Plaintiff and Lexington's subrogor, Principal Real Estate Investors, LLC (hereinafter "Principal Real Estate"), is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 711 High Street, Des Moines, Iowa 50392 and is authorized to transact business in the District of Columbia.

5. At all times relevant hereto, Lexington insured the business and property of Principal Real Estate located at, among other locations, 3050 K Street N.W., Washington, D.C., under policy number 020412841.

6. Upon information and belief, Defendant The Washington Capital Group, Inc. (hereinafter "Washington Capital") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 Batts Neck Plantation, Stevensville, Maryland 21666.

## STATEMENT OF FACTS

7. At all times relevant hereto, Principal Real Estate was the owner of the commercial property located at 3050 K Street N.W., Washington, D.C. 20007 (hereinafter the "subject commercial property").

8. The subject commercial property adjoins the Washington Harbour Condominium, a residential condominium with an address of 3030 K Street N.W., Washington, D.C. 20007.

9. Upon information and belief, at all times relevant hereto, Washington Capital was the owner of Condominium Unit 207 at 3030 K Street N.W., Washington, D.C. 20007.

10. On or about December 1, 2013, water began to flow from Condominium Unit 207 into the subject commercial property.

11. Upon investigation, it was discovered that a steel braided line for the HVAC system located in the mechanical room for Condominium Unit 207, which serves only Condominium Unit 207, had rusted through and released water.

12. The water flowed through and caused damage to four floors of the subject commercial property, including tenant spaces and common areas.

13. As a result of the above-mentioned water loss, Principal Real Estate sustained damage to its property and incurred other expenses in the amount of $684,113.00.

14. Lexington has indemnified their insured under the aforementioned policy of insurance in the amount of $659,113.00.

15. Principal Real Estate incurred damages of $25,000.00 due to application of the policy deductible under the aforesaid policy.

16. As a result and to the extent of said indemnity payments, Lexington is subrogated to the rights of its insured.

**CAUSE OF ACTION**

**NEGLIGENCE**

17. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if set forth at length.

18. Washington Capital owed to Principal Real Estate a common law duty to exercise reasonable care in maintaining and repairing Condominium Unit 207 so as to avoid creating an unreasonable and foreseeable risk of harm to the property of adjoining and contiguous property owners.

19. Washington Capital breached this duty by failing to maintain, repair, and replace the steel braided lines in Condominium Unit 207's mechanical room and thereby caused significant damage to the subject commercial property.

20. The water and resulting damage to Principal Real Estate's real property and business were proximately caused by and resulted from the negligence, carelessness, recklessness, and/or other liability producing acts and/or omissions of defendant Washington Capital, acting by and through its agents, servants, workmen, subagents, employees, and/or representatives acting within the course and scope of their employment. Said acts and/or omissions consisted of the following:

(a) failing to inspect the aforesaid steel braided lines in Condominium Unit 207;

(b) failing to properly and adequately maintain Condominium Unit 207's steel braided lines;

(c) failing to properly and adequately repair Condominium Unit 207's steel braided lines;

(d) allowing the steel braided lines in Condominium Unit 207 to rust to such an extent that water was able to escape from them;

(e) failing to take proper steps to ensure that regular maintenance, inspections, and repairs were performed on equipment within the mechanical room that was under the exclusive care, custody, and control of Washington Capital;

(f) failing to adequately supervise its agents, employees, representatives, contractors, subcontractors, servants and/or workmen to ensure that regular inspections, maintenance, and repairs were being performed on the mechanical equipment within Condominium Unit 207 that served only Condominium Unit 207;

(g) failing to follow proper and accepted practices regarding Unit owner maintenance customary in condominium arrangements; and

(h) otherwise failing to exercise due care in inspecting, maintaining, and repairing Condominium Unit 207.

21. As a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and other liability-producing conduct of the Defendant, Principal Real Estate sustained substantial losses and damage to its property and other incidental and consequential damages for which Lexington has indemnified their insured pursuant to the terms and conditions of the aforesaid policy of insurance in the amount of $659,113.00.

22. As a further direct and proximate cause of Defendant's negligence, aforesaid, Principal Real Estate suffered an out of pocket loss in the amount of $25,000.00 due to the application of the policy deductible under the aforesaid Lexington policy.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for damages in the sum of $684,113.00, together with interest, attorney's fees, costs of suit and other such relief deemed appropriate.

Dated: 6/17/15

Respectfully submitted,

By: ______________________

Christopher Konzelmann, Esquire
Unified Bar ID # 489558
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6334
konzelmannc@whiteandwilliams.com
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

WHITE AND WILLIAMS LLP

By: ______________________

Christopher Konzelmann, Esquire
Unified Bar ID # 489558
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6334
konzelmannc@whiteandwilliams.com
Attorney for Plaintiffs



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Lexington Insurance Company a/s/o Principal Real Estate Investors, LLC and Principal Real Estate Investors, LLC

Plaintiff

vs.

Case Number 2015 CA 004476 B

The Washington Capital Group, Inc.

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher Konzelmann, Esq.
Name of Plaintiff's Attorney

*Clerk of the Court*

1650 Market Street, One Liberty Place, Suite 1800
Address
Philadelphia, PA 19103

By ______________________
Deputy Clerk

(215) 864-6334
Telephone

Date 06/18/2015

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Lexington Insurance Company a/s/o Principal Real Estate Investors, LLC and Principal Real Estate Investors, LLC

Demandante

contra

Número de Caso: ____________________

The Washington Capital Group, Inc.

Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher Konzelmann, Esq.
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

1650 Market Street, One Liberty Place, Suite 1800
Dirección
Philadelphia, PA 19103

Por: ____________________
Subsecretario

(215) 864-6334
Teléfono

Fecha ____________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Lexington Insurance Company a/s/o Principal Real Estate Investors, LLC and Principal Real Estate

Case Number: 2015 CA 004476 B

vs

Date:

The Washington Capital Group, Inc.

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Christopher Konzelmann, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name: White and Williams, LLP | ☒ Attorney for Plaintiff |
| Telephone No.: (215) 864-6334 Six digit Unified Bar No.: 72576 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury ☒ 6 Person Jury ☐ 12 Person Jury

Demand: $ 684,113.00 Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: Judge: Calendar #:

Case No.: Judge: Calendar #:

NATURE OF SUIT: *(Check One Box Only)*

A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 Special Education Fees
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 13 Employment Discrimination

COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 18 OVER $25,000 Consent Denied

B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☒ 04 Property Damage
☐ 05 Trespass
☐ 06 Traffic Adjudication

C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)
☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 T.R.O./Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

[signature]
Attorney's Signature

6/12/15
Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PRINCIPAL REAL ESTATE INVESTORS, LLC et al
Vs. C.A. No. 2015 CA 004476 B
THE WASHINGTON CAPITAL GROUP, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge THOMAS J MOTLEY
Date: June 18, 2015
Initial Conference: 9:30 am, Friday, September 18, 2015
Location: Courtroom 212
500 Indiana Avenue N.W.

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc